UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


MARSHALL NICHOLS[1],

    Plaintiff,

v.                                                  4:09-cv-30

LINCOLN COUNTY JAIL
and ALL ASSOCIATES,

    Defendants.


**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

---

[1] Although the style of the complaint lists Marshall Nichols, Jasson Flynt, and Jatarus Bowers as plaintiffs, only Marshall Nichols signed the complaint under penalty of perjury and submitted an application to proceed *in forma pauperis*. Accordingly, the court will treat the complaint as filed solely by Marshall Nichols.

Plaintiff is confined in the Lincoln County Jail. As his statement of claim, plaintiff simply stated the following: "Case # 4-09-CV8 Jan. 29." [Court File No. 1, Complaint for Violation of Civil Rights, p. 3]. Apparently, plaintiff is referring to *William M. Howard, et al. v. Lincoln County Jail, et al.*, Civil Action No. 4:09-cv-08 (E.D. Tenn.), in which three inmates at the Lincoln County Jail alleged their health was endangered by exposure to another inmate with tuberculosis.

This court is aware that plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. He must nonetheless comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, in order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff has not alleged any factual allegations which state a claim under § 1983. He has simply referred to another case pending in this court and that is not sufficient to state a claim for which relief may be granted.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Lincoln County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 459, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a)  twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)  twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

3

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Lincoln County, Tennessee, and the county attorney for Lincoln County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE